UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Haytham A. Alkhaldi, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Civil Action H-07-1002 |
| | § | |
| Alberto Gonzales, | § | |
| Attorney General, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM AND ORDER

Plaintiff Haytham A. Alkhaldi's application for naturalization has been pending since August 1, 2005. Asserting that the adjudication of his application has been unreasonably delayed, Alkhaldi seeks relief in the form of a writ of mandamus under 28 U.S.C. § 1331; the Declaratory Judgment Act, 28 U.S.C. § 2201; the Administrative Procedure Act, 5 U.S.C. § 706(1); and 28 U.S.C. § 1361. Defendants have filed a motion to dismiss for lack of subject matter jurisdiction. (Dkt. 10). Having considered the parties' submissions and applicable legal authority, the court concludes that defendants' motion should be granted and this action dismissed for want of subject matter jurisdiction.

Under 8 U.S.C. § 1447(b), a United States district court, in the district where the applicant resides, has jurisdiction to consider a naturalization application if the United States Citizenship and Immigration Services (CIS) fails to make a determination 120 days after the examination. The Fifth Circuit has interpreted the section 1447(b) examination to include the FBI background investigation. *Walji v. Gonzales*, 489 F.3d 738 (5th Cir. June 19, 2007).

Accordingly, prior to the completion of the name check investigation, the district court lacks jurisdiction to consider a naturalization application. *Id* at 740. Because Alkhaldi concedes that his name check investigation has not been completed, the 120-day period has not been triggered. Therefore, this court lacks jurisdiction to consider his application under § 1447(b).

There is also no basis for federal question jurisdiction under the Administrative Procedure Act, 5 U.S.C. § 701, *et seq*. The APA authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1); *see also Norton v. Utah Wilderness Alliance,* 542 U.S. 55, 63 (2004) (explaining that for a federal district court to take action under § 706(1), the petitioner must demonstrate that the administrative agency has failed to take a discrete action that it was required to take). Here, Alkhaldi has not shown that his naturalization application is being unlawfully withheld, unreasonably delayed, or that the CIS has failed to take a discrete action it was required to take. *See Yan v. Mueller*, Civil Action No. H-07-0313, 2007 WL 1521732, * 9 (S.D. Tex. May 24, 2007) (observing that a lengthy FBI name check delay does not necessarily mean an application is "unlawfully withheld or unreasonably delayed" for purposes of the APA).

Nor is there basis for jurisdiction under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Section 2201(a), provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." However, the declaratory judgment statutes are not an independent basis for subject matter jurisdiction. *See Skelly Oil Co. v. Phillips Petroleum*

*Co.*, 339 U.S. 667, 671-72 (1950).

Finally, the Fifth Circuit has stated, "[g]overnment delay alone, unless it is shown to be in bad faith or extraordinary, does not warrant such an extraordinary remedy." *See Walji*, 489 F.3d at 740 (observing mandamus is an extraordinary remedy, warranted only when agency delay is egregious). Here, Alkhaldi has not alleged bad faith or extraordinary delay. Therefore, mandamus relief is not warranted.

For these reasons, defendant's motion to dismiss is granted and Alkhaldi's case is dismissed.

Signed at Houston, Texas on August 10, 2007.

Stephen Wm Smith
United States Magistrate Judge